Richard A. MCCURDY, Jr.; Daniel L. Woodall, Jr.; Samuel Staten, Sr., in Their Fiduciary Capacities as Trustees of the Laborers District Council Prepaid Legal Fund; Anthony De-Paul; John R. Smith, Jr., in Their Fiduciary Capacities as Trustees of the Laborers District Council Heavy and Highway Health and Welfare Fund; Wade Stevens, Jr., as Trustee Ad Litem; James F. Sassaman; Anthony Samango, in Their Fiduciary Capacities as Trustees of the Laborers' District Council Construction Industry Pension Fund; The Laborers' District Council Construction Industry Pension Fund; James R. Davis; Milton Campbell; James N. Harper; William A. Geppert, Jr.; The Laborers' District Council Heavy and Highway Health and Welfare Fund; Willie Bright; Walter P. Palmer, Jr.; Joseph Barilotti, in Their Fiduciary Capacities as Trustees of the Laborers' District Council Education and Training Fund; The Laborers' District Council Education and Training Fund; John J. Reith; The Laborers' District Council Prepaid Legal Plan; The Laborers' District Council of the Metropolitan Area of Philadelphia and Vicinty; Laborers International Union of North America; Thomas E. Curry; Robert E. Lavelle, Sr.; Harry I. Hopkins, in Their Fiduciary Capacities as Trustees of the Laborers'–Employers' Cooperation and Education Trust; Contractors Association of Eastern Pennsylvania Industry Advancement Program,

v.

NET CONSTRUCTION,
INC., Appellant.

No. 02–2135.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) Jan. 21, 2003.

Decided Feb. 7, 2003.

Before BECKER, Chief Judge,
NYGAARD, and AMBRO, Circuit Judges.

OPINION OF THE COURT

BECKER, Chief Judge.

I.

This is an action by a group of union benefit funds seeking to recover delinquent contributions from Net Construction Company following a payroll audit. Net counterclaimed seeking credit for payments it claimed were inadvertently made to the funds on behalf of one Timothy Mahney. Following a bench trial, judgment was entered against the funds and against Net both on plaintiffs' claims and the counterclaim. The principal issue on appeal concerns the District Court's rejection of Net's counterclaim seeking credit of $35,440.38 representing benefits paid on behalf of Mahney. Net contends that it was entitled to a credit for the amounts paid into the funds for Mahney on the basis that all such payments were made in error. The District Court, however, found that the contributions on behalf of Mahney were made for covered employment, and did not constitute a "mistaken overpayment" of benefits. In their own direct claim, the Funds sought recovery of delinquent Benefit Fund contributions based on an audit of Net's payroll records. More particularly, the Funds sought recovery of $5,118.75 in unpaid contributions, which the District Court granted, based upon what it found to be Mahney's performance of "covered employment" as defined by the collective bargaining agreement. For the reasons that follow, we will affirm in all respects.

II.

With respect to both the claim and counterclaim, the critical evidentiary datum was supplied by the monthly remittance reports furnished by Net to the Funds which identified individuals who had performed laborer's duties on behalf of Net during designated months, and set forth the number of hours of work performed by each such individual. Payments to the benefit funds are calculated on the basis of the benefit rate multiplied by the number of hours worked. Net reported a total of 3,123 hours for Mahney during the course of twenty-two consecutive months. Concomitantly, Net made contributions to the Philadelphia Laborers' Benefit Funds designated on behalf of Mahney in the amount of $35,440.38 applicable to work performed between May 1, 1997 and February 28, 1999. Indeed, Mahney's name appears on each and every laborers' remittance report for which contributions were remitted on his behalf. All of the checks in payment of the contributions were signed by Net's president Christopher Colletti.

In an effort to substantiate its claim for refund of monies paid on behalf of Mahney, Net submitted a document in which Mahney represented that during the time period from July 1997 through March 1999 he worked as a subcontractor for New Construction doing excavation work. Mahney subsequently signed an affidavit describing his job responsibilities with Net during the relevant time period as a "subcontractor, driver, operator." He also represented that he functioned as an operating engineer, not a laborer, was not a member of the Laborer's Union, never used, received or attempted to receive benefits from that union and was never provided a "book" from the Laborer's Union. And at one point Colletti indicated that due to the implementation of a new accounting system used by Net, Mr. Mahney

was listed as a laborer incorrectly. However, the District court did not credit Net's evidence and credited the Funds' evidence instead. Our scope of review is highly deferential. We review findings of fact for clear error. *Planned Parenthood of Central New Jersey v. The Attorney General of the State of New Jersey,* 297 F.3d 253, 265 (3d Cir.2002). We find no clear error here.

Our leading case in this area is *Henry F. Plucinski v. I.A.M. National Pension Fund,* 875 F.2d 1052 (3d Cir.1989), which makes clear that § 403 of ERISA, 29 U.S.C. § 1103, does not confer upon employers the *right* to recover overpayments to a benefit fund. Rather, section 403(c)(2)(a)(ii) is permissive, and, on this record, none of the Funds had a refund policy in effect. Under these circumstances, any hope of recovery would have to be pursuant to the limited equitable right recognized in Plucinski to restitution of pension fund contributions made by reason of a mistake of fact or law. However, as explained above, the District Court's determination that Net did not meet its burden of demonstrating that the contributions at issue did not result from a mistake of fact or law is amply supported. As we have explained above, there was a great deal of evidence that the laborers' remittance reports consciously included Mahney, and the remittance reports containing Mahney's name as a laborer were signed by Net's President Colletti.[1] The District Court's judgment with respect to the counterclaim must be affirmed.

### III.

The second question before us is whether the District Court properly concluded that the Court's award of $5,118.75 in un-

paid benefits on behalf of Mahney was supported by the evidence. As the foregoing discussion makes clear, Net did not sustain its burden to establish contributions made on behalf of Mahney did not stem from performance of covered employment. The payroll audit performed by Perry M. Blackman, C.P.A. reported that Net's payroll records reflected that Mahney worked 1,781.50 hours during that time period, yet only 1,326.50 hours were reported to the Funds, resulting in an underpayment of $5,118.75. As explained above, Net identified Mahney as a "laborer" and, in fact, included him in remittances to the Laborers' Funds for twenty-one months. To defeat this evidence it was Net's burden to substantiate the hours do not emanate from "covered employment," but it did not meet it. Net's contention that Mahney functioned as an operating engineer on behalf of Net during the period at issue is not supported; the Court's finding to the contrary is not clearly erroneous. Therefore, the District Court's judgment on Net's direct claim must also be affirmed.

### IV.

Net argues that the District Court abused its discretion in denying Net's motion for new trial and amendment judgment. We reject these arguments. The judgment of the District Court will be affirmed in all respects.

---

1. The District court may well have concluded that Net was seeking the cheapest way to provide Mahney with benefits.